IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TONKA TANGMOH**, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No.: 1:21-cv-02792-JMC |
| **ALEJANDRO MAJORKAS** *et al*, | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Tonka Tangmoh brings this immigration action against Defendants Alejandro Majorkas, Tracy Renaud, Jedidah Hussey, Merrick Garland, and Jonathan Lenzner (collectively "Defendants") seeking declaratory judgment, injunctive relief, and a writ of mandamus for the United States Citizenship and Immigration Services' ("USCIS") "unreasonable delay" in adjudicating his application for asylum and for withholding of removal ("Form I-589" or "application"). (ECF No. 1). Presently before the Court is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 11). Plaintiff did not respond to Defendants' Motion. No hearing is necessary. *See* Loc. R. 105.6. (D. Md. 2021). For the reasons explained below, Defendants' Motion, treated as a motion to dismiss, is GRANTED.

### I. BACKGROUND

Plaintiff is a foreign national currently residing in Baltimore, Maryland. (ECF No. 1). On March 26, 2018, he filed a Form I-589 with the USCIS Arlington Asylum Office. *Id.* To date, absent indication otherwise, Plaintiff's application is still pending. *Id.* Plaintiff says he has complied with all of USCIS's information requests and appointment notices, and has attended the appointments necessary for security clearances. *Id.* at 4. Despite numerous calls to the USCIS

customer service line, Plaintiff has been given no estimation as to when his Form I-589 would be adjudicated and has been told there is nothing for him to do but wait for USCIS' action. *Id.*

A Form I-589 is an application for asylum within the United States. This application finds its statutory basis under the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1101 et seq.; 8 U.S.C. § 1158. The statute sets forth various conditions and exceptions to the rule, but mainly provides an outline for the application process and the standards upon which an application is reviewed. *Id.* Notably, the procedures for consideration of asylum applications are delineated, particularly that "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(iii). Despite this timeline, the statute expressly precludes a private right of action based on those procedures. § 1158(d)(7).

Plaintiff's Complaint argues that Defendants are "unlawfully withholding and unreasonably delaying the adjudication" of his application. (ECF No. 1 at 5). Plaintiff's five-count Complaint requests review and relief under a Mandamus Action (Count I), the Administrative Procedures Act ("APA") (Counts II and III), the Declaratory Judgment Act (Count IV), and the Equal Access to Justice Act (Count V). (ECF No. 1). The Complaint requests the Court to order Defendants to perform their duties, namely to adjudicate Plaintiff's application, and award Plaintiff costs of suit. *Id.* The Complaint asserts subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) arising out of constitutional law and 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act "INA"). *Id.* at 3.

Defendants' instant motion argues that this Court lacks jurisdiction over Plaintiff's claims and therefore the case should be dismissed, or alternatively, summary judgment should be granted in Defendants' favor. (ECF No. 11). Defendants assert that the pace at which the USCIS

adjudicates applications is discretionary, thereby stripping this Court of jurisdiction under various statutes, particularly those under which Plaintiff's claims rely. *Id.* Alternatively, should the Court exercise jurisdiction over Plaintiff's case, Defendants contend that Plaintiff has failed to plead facts sufficient under Federal Rule of Civil Procedure 8 as the claim does not set forth facts constituting unreasonable delay. *Id.* at 2. Even if the facts are sufficient, Defendants argue, Plaintiff would be unable to prove the delay is unreasonable given the limited resources and sheer volume of applications especially because of and during the COVID-19 pandemic. *Id.*

For the reasons set forth below, the Court will treat Defendants' Motion as one to dismiss and shall dismiss Plaintiff's Complaint for lack of jurisdiction. Consequently, Defendants' Motion is granted.

## II. STANDARD OF REVIEW

As a preliminary matter, the Court must determine whether to treat Defendant's Motion as one for dismissal or summary judgment. The Federal Rules of Civil Procedure (FRCP) inform the Court's decision. Defendants' Motion argues that Plaintiff's Complaint should be dismissed "for lack of subject matter jurisdiction or failure to state a plausible claim." (ECF No. 11, Ex. 1). Dismissal for lack of subject matter jurisdiction implicates FRCP 12(b)(1), and dismissal for failure to state a claim concerns FRCP 12(b)(6).

A defendant may argue dismissal under FRCP 12(b)(1) in two ways: (1) "the complaint fails to allege facts upon which subject matter jurisdiction can be based; or (2) [] the jurisdictional facts alleged in the complaint are untrue." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)) (internal quotations omitted). Here, the Defendants argue under the first line of reasoning and contend that this Court lacks jurisdiction over Plaintiff's claim. (ECF No. 11). "When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect,

is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). As such, the facts alleged in the Complaint are considered true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint and 'not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A Rule 12(b)(6) motion "constitutes an assertion by a defendant that, even if the facts alleged by plaintiff are true, the complaint fails as a matter of law, to state a claim upon which relief can be granted." *Jones v. Chapman*, Civ. No. ELH-14-2627, 2015 WL 4509871, at *5 (D. Md. Jul. 24, 2015). Whether a complaint states a claim for relief is assessed in accordance with the pleading requirements of FRCP 8(a)(2). "[D]etailed factual allegations are not required, but a 'plaintiff must provide the grounds of his entitlement to relief' and this requires 'more than labels and conclusions, or a formulaic recitation of the elements of a cause of action.'" *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

Generally, in resolving a motion to dismiss, a court considers matters only within the pleadings. If a party presents, and the court considers, matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Humphrey*, 885 F. Supp at 136. However, "[i]n a 12(b)(1) motion, the court 'may consider evidence outside the pleadings' to help determine whether it has jurisdiction over the case before it." *Nat'l Ass'n for the Advancement of Colored People v. United States Dep't of Homeland Sec.*,

364 F. Supp. 3d 568, 573 (D. Md. 2019) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Nonetheless, the Court retains "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Verderamo v. Mayor & City Council of Baltimore*, 4 F. Supp. 3d 722, 729–30 (D. Md. 2014) (citations omitted). Defendant's Motion incorporates two affidavits from USCIS staff that explain the background and adjudication process of asylum applications. (ECF No. 11, Exs. 2 and 3). This Court deems it unnecessary to consider Defendants' exhibits given the meritorious jurisdictional arguments, and therefore will analyze the Motion as one to dismiss the Complaint.

III. **ANALYSIS**

    a. **Jurisdiction**

"Because Plaintiff has failed to file any opposition to the motion, the court has the discretion to dismiss the case without reaching the merits." *Castillo v. Nationstar Mortg., LLC*, 2014 WL 5089088, at *1 (D. Md. Oct. 8, 2014) (citing *Ferdinand–Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md.2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim.")). However, given Defendants' Motion was styled as one for summary judgment in the alternative, and the Court must "thoroughly analyz[e]" unopposed motions for summary judgment, the Court will nonetheless conduct a preliminary analysis in the interest of fairness despite treating Defendants' Motion as one to dismiss. *See Maryland v. Universal Elections*, Inc., 729 F.3d 370, 380 (4th Cir. 2013); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010).

Defendants argue the Court lacks jurisdiction over Plaintiff's claim given the plain language of 8 U.S.C. § 1252(a)(2)(B)(ii). Courts must construe statutes affecting federal jurisdiction "both with precision and with fidelity to the terms by which Congress has expressed its wishes." *Kucana v. Holder*, 558 U.S. 233, 252 (2010) (quoting *Cheng Fan Kwok v. INS*, 392 U.S. 206, 212 (1968)) (internal quotations omitted). A portion of the INA is frequently referred to as one with "jurisdiction-stripping" provisions. The statute posits that "no court shall have jurisdiction to review" an agency's judgment of relief, nor "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion … other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii). 8 U.S.C. § 1158(a), titled "authority to apply for asylum", states than an alien may apply for asylum in the United States and details those eligible for application. The rest of the statute explains the conditions for granting asylum, asylum status, and asylum procedure. 8 U.S.C. §§ 1158(b), (c), (d). Importantly, as discussed previously (Background, *supra*), Plaintiff relies on § 1158(d)(5)(A)(iii) which outlines the timeframe for consideration of Form I-589 applications: "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed."

This Court has not determined whether 8 U.S.C. § 1252(a)(2)(B)(ii) effectively strips jurisdiction for judicial review of the rest of 8 U.S.C. § 1158, particularly review of applications based on a challenge to § 1158(d). However, in a series of factually similar cases from other courts in the Fourth Circuit, "asylum applicant[s] filed suit under the APA and the Mandamus Act, seeking to compel the USCIS to issue a decision on the application." *Daniel v. Mayorkas*, 2021 WL 4355355, at *3 (E.D. Va. Sept. 23, 2021); *Yahya v. Barr*, 2021 WL 798873, at *2 (E.D. Va.

Jan. 19, 2021). Those courts have found "it is well established that agencies enjoy broad discretion over the deployment of their own resources, particularly with regard to processing asylum applications." *Daniel*, 2021 WL 4355355, at *3. "Even if the asylum application's statutory regime does not expressly dictate that the pace of adjudications is 'discretionary,' 8 U.S.C. § 1158, et seq., it is apparent that USCIS enjoys broad discretion regarding how swiftly such decisions are made." *Daniel*, 2021 WL 4355355, at *3; *see also Polfliet v. Cuccinelli*, 955 F.3d 377, 382 (4th Cir. 2020) ("A statute need not literally contain the word "discretion" in order to "specify" discretion"). Because of this discretionary classification, courts "have decisively held that the pace at which the Secretary adjudicates asylum actions is subject to § 1252(a)(2)(B)(ii)'s jurisdictional bar and cannot be reviewed in court." *Daniel*, 2021 WL 4355355, at *3; *Yahya*, 2021 WL 798873, at *2.

Satisfied that this rationale comports with the Fourth Circuit's interpretations of other related statutes under the INA, this Court adopts such rationale. *See Blanco de Belbruno v. Ashcroft*, 362 F.3d 272, 280 (4th Cir. 2004) ("The Attorney General is charged with balancing the need for adequate protections for asylum seekers against a backlog of tens of thousands of cases that leave many asylum seekers in limbo. The agency operates in an environment of limited resources, and how it allocates those resources to address the burden of increasing claims is a calculation that courts should be loathe to second guess."). As a result, the Court finds that the pace at which USCIS adjudicates its asylum applications is left to the discretion of the agency. Because discretionary acts are precluded from judicial review under the INA, and no exceptions apply (particularly that part of the statute which confers jurisdiction upon courts of appeal in certain scenarios), this Court lacks jurisdiction to review Plaintiff's claims.

Furthermore, though not necessary to the Court's conclusion, to the extent that Plaintiff's Complaint seeks judicial review predicated on the constitutional review exception to the INA

jurisdiction-stripping provisions,[1] the Fourth Circuit has repeatedly held that such claims are only procedurally appropriate during removal proceedings in a court of appeals.[2] *Polfliet v. Cuccinelli*, 955 F.3d 377, 384 (4th Cir. 2020) ("the dismissal of Appellants' claims in this proceeding for lack of jurisdiction does not preclude this Court, or any other court of appeals, from reviewing them under 8 U.S.C. § 1252(a)(2)(D) upon a petition from a removal proceeding"); *see also Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 620 (4th Cir. 2010) ("Congress made explicit that despite the jurisdiction-stripping language of § 1252(a)(2)(B), 'courts of appeal [retain] a narrowly circumscribed jurisdiction to resolve constitutional claims or questions of law raised by aliens seeking discretionary relief.'") (quoting *Higuit v. Gonzales*, 433 F.3d 417, 419 (4th Cir. 2006)); *Daniel*, 2021 WL 4355355, at *3 ("Likewise, even if the Mandamus Act could override the jurisdiction-stripping provision in § 1252(a)(2)(B)(ii), Plaintiff has no right to the relief sought because Defendants' duty to adjudicate asylum applications at a pace desired by Plaintiff is discretionary.").

Accordingly, Defendants' Motion to Dismiss must be granted under Federal Rule of Civil Procedure 12(b)(1), and Plaintiff's claims are dismissed for lack of jurisdiction.

### IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 11), treated as a motion to dismiss, is GRANTED. A separate Order follows.

---

[1] 8 U.S.C. § 1252(a)(2)(D) states that nothing in the INA "which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."

[2] Furthermore, "[a]lthough the APA embodies a 'basic presumption of judicial review' of final agency action, *Lincoln v. Vigil*, 508 U.S. 182, 190, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993) (internal quotation marks omitted), its judicial review provisions do not apply where 'statutes preclude judicial review.'" *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 619 (4th Cir. 2010) (quoting 5 U.S.C. § 701(a)(1)). Here, "The INA specifically closes the door to judicial review of certain discretionary agency decisions." *Lee*, 592 F.3d at 619.

Date: May 13, 2022

      /s/
J. Mark Coulson
United States Magistrate Judge